**STATE of Tennessee, Appellant,**

v.

**William Lafayette BROWN, alias Doug Brown, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 7, 1982.

Steven Oberman and W. Zane Daniel, Knoxville, for appellee.

William M. Leech, Jr., State Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, B. Rex McGee, Asst. Dist. Atty. Gen., Knoxville, for appellant.

OPINION

BYERS, Judge.

The state appeals from the judgment of the trial court suppressing evidence seized pursuant to execution of a search warrant. The trial court held the search warrant did not establish the credibility of the informant.

The judgment is reversed, and the case is remanded to the trial court for a trial on the merits.

The affidavit supporting the search warrant in pertinent part stated:

The affiant states that he is a police officer of the Knox County, Tennessee, and that he has been assigned to investigate crime and enforce the Criminal Statutes of the State of Tennessee; that he has been an officer of the Knox County since 1975, and that during this time he has conducted numerous criminal investigations. As a result of these investigations, certain information has been supplied to him. That he knows Doug Brown alias Dub Brown alias and is presently conducting an investigation into the illegal possession and sale of a controlled substance, to wit: Marijuana (a schedule VI drug) activities of Doug Brown alias Dub Brown alias.

The affiant states that his affidavit as outlined herein is also made upon the following additional information listed below: INFORMATION: On May 14, 1979 members of the Metro Narcotics Squad were contacted by a confidential and reliable informant who, on several previous occasions has provided the narcotics unit with reliable and accurate information advised above narcotics officers that he had within the past 48 hours

visited the residence of Doug Brown alias Dub Brown alias located at 821 Spring Ave located in South Knoxville (address as shown in city directory is listed as 822 Spring Dr. SW) and that while at this residence he had personally observed Doug Brown alias Dub Brown alias have in his possession and under his control a quantity of what was represented by Brown to be marijuana. The informant further advised Doug Brown alias Dub Brown alias was offering this controlled substance for monetary gain. The informant also advised members of the narcotics unit that Doug Brown, alias Dub Brown, alias hides said controlled substance not only within the confines of his house but in various other locations of the property on which the house is located.

Although no arrests have been made as a result of information received from this informant, independent investigations by members of the metro narcotics unit have collaborated (sic) the information supplied by this informant.

Affiant verily believes that said information is true because same was furnished to him by a confidential informant, who affiant is personally acquainted with and who affiant and other police officers of Knoxville known to affiant, have used in the past on several occasion(s). Affiant verily believes that said informant is honest and has given him the above information in good faith and that informant is reliable because informant has given him information in the past on several occasion(s) and that affiant has found said information given to him by informant in the past to be accurate and correct; that _0_ number of arrest(s) and _0_ number of convictions were obtained from information given affiant by said confidential informant. As a result of said information, affiant prays that a search warrant issue authorizing affiant or some other officer to enter and search the premises described hereinabove.

/s/ Gordon A. Parker
AFFIANT

We find the affidavit sufficiently establishes the credibility of the informant.

The United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964), held "the magistrate must be informed of . . . some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable'."

In *Woods v. State*, 552 S.W.2d 782, 784, 785 (Tenn.Cr.App.1977), this Court held the credibility of an informant was sufficiently established in an affidavit which stated, "On July 20, 1975, the affiants talked to a reliable informer, who has given the affiants information in the past which they found to be true and correct." The Court further said an affidavit need not detail the reliable information given by the informant in the past. *See also Keith v. State*, 542 S.W.2d 839 (Tenn.Cr.App.1976).

■ In the instant case the affidavit gives underlying circumstances to support the conclusion the informant is credible by stating the narcotics unit has on several previous occasions been given reliable and accurate information by the informant. We do not think the statement in the affidavit that no arrests or convictions have resulted from information given by the informant necessarily contradicts or negates the statement that the informant has provided reliable and accurate information on several occasions in the past.

Because we find the affidavit meets the requirements of the *Aguilar* test, it is not necessary to determine whether there is sufficient corroboration of the information given as discussed in *Spinelli v. U. S.*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 637 (1969).

■ The defendant asserts the affidavit does not give proper information regarding the observation date of the offense. The affidavit stated, "On May 14, 1979, members of the Metro Narcotics Squad were [advised by the informant] that he had within the past 48 hours visited the residence of Doug Brown [and observed the illegal activity]." The affiant was Gordon A. Parker, a Knox County police officer.

The defendant says the time requirement is not met because the statement in the affidavit regarding the time when the activity was observed was hearsay upon hearsay. We find this issue to be without merit.

The United States Supreme Court in *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965), held hearsay information may establish probable cause for issuance of a search warrant "so long as there is a substantial basis for crediting the hearsay." The Court also said "Observations of fellow officers of the government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number," *Id.* at 111, 85 S.Ct. at 747.

In the instant case observations of the activity were not by the fellow officer but rather by an informant. As we have stated the credibility of this informant was sufficiently established in the affidavit. Because members of the Metro Narcotics Squad were fellow officers working with the affiant in a common investigation, we find this to be a substantial basis for crediting their statements to the affiant regarding the personal observation of the informant.

TATUM and CORNELIUS, JJ., concur.