STATE of Tennessee, Appellee,

v.

Donald STARKS, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 7, 1983.

E.E. Edwards, III, Sabin R. Thompson, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, Dee Gay, Asst. Dist. Atty., Springfield, for appellee.

## OPINION

TATUM, Judge.

The defendant, Donald Starks, entered a plea of guilty to the felonious possession of a Schedule VI controlled substance and was sentenced to not less than 2 years nor more than 4 years in the State penitentiary, pursuant to a plea bargain agreement. He preserved his right to appeal from an adverse ruling on a motion to suppress pursuant to T.R.Cr.P. 37(b). The motion to suppress attacked the validity and execution of the search warrant. We find no merit in the issues presented and affirm the judgment below.

The defendant says that the affidavit for the search warrant was insufficient because it did not indicate the source of the affiant's information and because it contained double hearsay without showing a substantial basis for crediting the hearsay. The affidavit is in pertinent part as follows:

"... and his reasons for such belief are that affiant has (received information from) a reliable, confidential informant who has provided information in the past which has resulted in at least six felony arrests and more than three convictions, such informant having never provided any information shich (sic) has proven false, said informant, having told Sheriff Emery, that within the 24 hour period immediately preceeding (sic) the swearing of this affidavit, that the said informant observed the said Starks selling marijuana from within the above described premises.

Furthermore, the said Starks has sold, to an undercover officer, on May 14, 1981, a quantity of methamphetamine, and the said Starks has, to the knowledge of the affiant, a reputation of trafficking in methamphetamine, as well as marijuana...."

The affiant was Detective Green. The defendant says that the warrant was issued upon "double hearsay" since the information was given by the informant to Sheriff Emery and later relayed to the affiant. He also complains that the affidavit does not indicate how the information given to Sheriff Emery was conveyed to the affiant. Similar questions were raised in the affidavit under consideration in *State v. Brown,* 638 S.W.2d 436 (Tenn.Cr.App.1982). In that case, an affidavit was given by a police officer of Knox County. He recited that a confidential informant had given information to "members of the Metro Narcotics

Squad." The affidavit did not expressly say that the members of the Metro Narcotics Squad had relayed the information to the affiant. In dealing with similar arguments, the *Brown* panel stated:

"The United States Supreme Court in *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965), held hearsay information may establish probable cause for issuance of a search warrant 'so long as there is a substantial basis for crediting the hearsay.' The Court also said 'Observations of fellow officers of the government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number.' *Id.* at 111, 85 S.Ct. at 747.

In the instant case observations of the activity were not by the fellow officer but rather by an informant. As we have stated the credibility of this informant was sufficiently established in the affidavit. Because members of the Metro Narcotics Squad were fellow officers working with the affiant in a common investigation, we find this to be a substantial basis for crediting their statements to the affiant regarding the personal observation of the informant."

■ As in the *Brown* case, we think that the "common sense" mandate of *United States v. Ventresca, supra,* must be applied in interpreting affidavits for search warrants. In doing so, we find it implicit that Sheriff Emery or other police officers participating in the investigation, relayed the information of the informant to the affiant.

■ The credibility of the informant was established. The affidavit shows that the informant had provided information in the past which had resulted in at least 6 felony arrests and more than 3 convictions. He had never provided false information in the past. This was sufficient to establish the reliability of the informant. *Woods v. State,* 552 S.W.2d 782 (Tenn.Cr.App.1977).

■ The defendant argues that the portion of the affidavit relative to the defendant selling methamphetamine to an under-cover officer, was too stale to establish probable cause. The affidavit was made on July 25, 1981 and referred to a sale on May 14, 1981. We agree that this information, standing alone, was too remote to establish probable cause. However, this fact may be considered by the magistrate in conjunction with the current information contained in the affidavit. The portion of the affidavit relating information given to the Sheriff was sufficient to establish probable cause. It was strengthened somewhat by the remote information.

Next, the defendant argues that the unannounced entry of police officers into his bedroom to execute the search warrant violated his Fourth Amendment rights and T.R.Cr.P. 41(e). The facts accredited by the trial judge were that officers with a search warrant came to the house where the defendant and Barry Rice lived. The officers loudly knocked on the front exterior door three or four times with a nightstick and announced, "Police. We have a search warrant. Open up." Rice opened the door and admitted the officers into the house.

Some of the officers went to a back bedroom and forced the locked door open. Before the bedroom door was opened, there was a "commotion and scuffling sounds that could be heard and the defendant was saying something." When the officers entered the bedroom, they found the defendant and his girlfriend in bed. Both were unclothed.

The defendant cites *People v. Webb,* 36 Cal.App.3d 460, 111 Cal.Rptr. 524 (1973) for the proposition that when officers executing a search warrant find a closed interior door, after effecting entry in the building to be searched, they must "knock and announce" before entering the interior door. The *Webb* decision is based on California's codification of the "knock and announce" rule, however, which is expressly applicable to interior doors. We have no similar statute in Tennessee. The defendant cites no other case extending the "knock and announce" rule to interior doors, and we have found none.

Tennessee Rule of Criminal Procedure 41(e) provides:

"Rule 41. Search and Seizure.—

(e) Authority to Break In.—If after notice of his authority and purpose he is not granted admittance, or in the absence of anyone with authority to grant admittance, a peace officer with a search warrant may break open any door or window of a building or vehicle, or any part thereof, described to be searched in the warrant to the extent that it is reasonably necessary to execute the warrant and does not unnecessarily damage the property."

We interpret this rule as a codification of the "knock and announce" rule which is stated in *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). That rule is applicable only to gain entry into a building that is to be searched. The rule does not require officers to risk the disposal of drugs by occupants, while officers are pausing at interior doors. Once the officers are inside a house or other building that is to be searched, the privacy of the occupants has already been breached.

In this case, the officers were admitted by Rice, a resident of the house, after "knocking and announcing." Having complied with Rule 41(e) before entry, it was the officers' duty to comply with the order of the search warrant expeditiously, so as to find the drugs sought before they could be disposed of. Moreover, there was evidence that a "commotion" and "scuffling" was heard inside the bedroom before entry. This authorized the breaking of even an exterior door. *Keith v. State*, 542 S.W.2d 839 (Tenn.Cr.App.1976).

The judgment of the trial court is affirmed.

DAUGHTREY and SCOTT, JJ., concur.