IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 4, 2001 Session

## STATE OF TENNESSEE v. MAURICE LASHAUN NASH

**Direct Appeal from the Circuit Court for Tipton County**
**No. 3933     Joseph H. Walker, Judge**

---

**No. W2000-02971-CCA-R3-CD  - Filed February 8, 2002**

---

The Appellant, Maurice LaShaun Nash, was found guilty by a Tipton County jury of possession of a Schedule VI controlled substance with the intent to deliver, a Class E felony.  The trial court sentenced Nash, as a Range I standard offender, to eighteen months in the Department of Correction. On appeal, Nash raises three issues for our review: (1) whether the search warrant was issued upon probable cause; (2) whether introduction of Nash's presence during a prior drug sale at the same residence constituted evidence of a prior bad act in violation of Rule 404(b) of the Tennessee Rules of Evidence; and (3) whether the evidence presented at trial was sufficient to support the verdict. After review, we find the issues presented are without merit.  Accordingly,  the judgment of conviction is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P. J., and DAVID H. WELLES, J., joined.

C. Michael Robbins, Memphis, Tennessee (on appeal); J. Thomas Caldwell, Ripley, Tennessee (at trial), for the Appellant, Maurice LaShaun Nash.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Ryan Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In October of 1999, Covington Police Department Investigator, Ricky Chandler, received complaints regarding the presence of numerous individuals and vehicles at a house located at 1401 Howard Street.  Based upon these complaints, Investigator Chandler conducted a three-week

surveillance of the location for periods of two to three hours at a time. The surveillance revealed numerous vehicles arriving and leaving the location; described as "in and out" traffic. He also observed "five to seven different people that stayed there off and on." During the periods of surveillance, it was estimated that the Appellant was present "80 to 85%" of the time. On October 26th, a police informant was equipped with a small electronic transmitting device, which permitted Investigator Chandler to listen and record conversations between the informant and a third party. The informant was instructed by Investigator Chandler to go to 1401 Howard Street and attempt to purchase drugs.[1] At the time of the planned drug buy and for a two-hour period prior thereto, the only persons inside the house were the Appellant and Brian Howard.

Investigator Chandler positioned himself directly across the street to observe and listen on his receiver as the transaction took place. Chandler observed Howard standing at the front door while the informant went inside. The Appellant was seen crossing in front of the doorway inside the house several times. After entering the house, the informant purchased one ounce of marijuana from the Appellant. Although Investigator Chandler did not actually see the transaction take place, Chandler testified that he recognized the Appellant's voice on the tape recording.

On the following day, October 27th, Investigator Chandler obtained a search warrant for 1401 Howard Street. The search warrant was based upon Chandler's surveillance of the residence and the transaction which took place there the night before. After searching the home, officers discovered 70 grams of marijuana, digital scales, balance scales, and plastic bags. Investigator Chandler testified that the only personal item found in the house was a picture of the Appellant and four other individuals. None of the Appellant's possessions or belongings were found in the house and no persons were present when the police entered the house to search.

At trial, the State introduced proof that the utilities to the house were in the name of the Appellant. The defense introduced proof that the house was occupied by Edric Weathers. The rental manager of the property testified that the Howard Street residence was rented to Edric Weathers, and that Weathers signed the written lease, paid the deposit, and paid the rent. The Appellant, testifying on his own behalf, stated that he had lived at his mother's house in Atoka for the past two years. He acknowledged that he was a close friend of Weathers, and that the utilities to the property were in his name. The Appellant explained that when he vacated his Covington residence to return to his mother's home, he transferred his utilities to 1401 Howard Street to accommodate Weathers, who could not pay the deposit.

**ANALYSIS**

**A. Validity of Search Warrant**

The Appellant contends that the search warrant is invalid as the affidavit supporting the warrant failed to establish probable cause. In a secondary challenge to the validity of the warrant,

---

[1]Investigator Chandler explained that the use of the confidential informant in purchasing drugs was "for the purpose of executing a search warrant." The informant was not called as a witness at trial.

the Appellant contends that the affidavit contains "a false statement" or a "recklessly made false statement."

When reviewing a trial court's ruling on a motion to suppress, questions of credibility of the witnesses, the weight and value of the evidence, and resolutions of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact. *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000). Findings based on evidence that do not involve issues of credibility are reviewed *de novo* by this court without a presumption of correctness. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). The question of whether Rule 41 of the Tennessee Rules of Criminal Procedure requires suppression of the evidence in this case is a question of law which we review *de novo* with no presumption of correctness afforded to the judgment of the court below. *State v. Coffee*, 54 S.W.3d 231, 232 (Tenn. 2001). The standard of review for the magistrate's determination of probable cause for the issuance of the search warrant is whether the magistrate had a substantial basis for concluding that the search warrant would yield evidence of wrongdoing. *State v. Jacumin*, 778 S.W.2d 430, 436 (Tenn. 1989). "A magistrate's determination of probable cause is accorded 'great deference' by a reviewing court." *Id.* at 431-32.

The Affidavit, in pertinent part, includes the following recitation of facts as provided by the affiant, Investigator Chandler:

> After receiving numerous complaints on the above mentioned address I have sent an informant to 1401 Howard in Covington, Tipton County, Tennessee within the last 72 hours and purchased approximately one (1) ounce of marijuana from Maurice Nash for the purpose of developing enough probable cause to request a search warrant. The purchase was monitored and witnessed by me. I have used this informant on over a dozen controlled buys in the past which have resulted in several legal search warrants, arrests and convictions and several pending indictments.

The following proof was introduced at the suppression hearing:

| | |
|---|---|
| PROSECUTOR: | Tell me where you were - - where you observed. |
| CHANDLER: | Okay. I was almost directly across the street. |
| PROSECUTOR: | And your CI went to the door. |
| CHANDLER: | Yes, sir. |
| PROSECUTOR: | Who did you see at that point? |
| . . . | |
| CHANDLER: | Mr. Howard and Mr. Nash. |
| . . . | |
| CHANDLER: | [Appellant] was on the couch at the time the deal took place but I had seen him pass in front of the door. He was on crutches at that time. |
| PROSECUTOR: | But your CI was wearing a wire? |
| CHANDLER: | Yes, sir. |
| PROSECUTOR: | Could you hear what took place? |

CHANDLER:          Yes, sir. I could listen to the transaction go down. I recognized Mr. Nash's voice on the tape.

. . .

CHANDLER:          The CI called him by his name - - called Maurice by his name.

. . .

PROSECUTOR:        Is there any doubt in your mind that that was the voice of Maurice Nash?

CHANDLER:          No doubt at all.


In denying the Appellant's motion to suppress, the trial court recited the following findings:

The affidavit sworn to procure the search warrant is supported by information provided by an officer who personally observed an informant enter a residence and heard a drug transaction by way of a monitoring device. The court finds that this information is presumed reliable as provided by the officer. *State v. Melson*, 638 S.W.2d 342; *State v. Brown*, 638 S.W.2d 436. The court heard no proof to rebut the presumption. The court finds the warrant was adequate.
. . .
The motion to suppress is denied.

We agree with these findings and the trial court's conclusion that the affidavit was sufficient to establish probable cause. The search warrant in this case was issued based upon information personally observed by the affiant and also upon information which he overheard by means of an electronic listening device. The affidavit states that one ounce of marijuana was purchased from the Appellant at the 1401 Howard Street address. The affidavit clearly states that the purchase was "monitored and witnessed" by the affiant.[2] Finally, the affidavit provides that the informant has been used by the police in "over a dozen controlled buys in the past which have resulted in several legal search warrants, arrests and convictions." The affidavit sufficiently informed the magistrate of both (1) the basis for the informant's knowledge, and (2) a basis establishing the informant's credibility. *Spinelli v. United States*, 393 U.S. 410, 412-13, 89 S. Ct. 584, 587 (1969); *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S. Ct. 1509, 1514 (1964); *Jacumin*, 778 S.W.2d at 436.

Accordingly, we find the affidavit was sufficient to establish probable cause and that no false or misleading statements were contained in the affidavit or in the procurement of the warrant. *State v. Little*, 560 S.W.2d 403, 407 (Tenn. 1978). Moreover, the basis of knowledge of both the informant and affiant and the informant's reliability can be determined from the entirety of the affidavit. *State v. Melson*, 638 S.W.2d 342, 356 (Tenn. 1982). The trial court properly denied the Appellant's motion to suppress.

---

[2]The Appellant challenges this statement in the affidavit that Investigator Chandler "witnessed" the illegal drug activity as his testimony at the suppression hearing indicated that he "didn't see the actual transaction go down."

## B. Admission of Prior Drug Activity

We next examine the Appellant's argument that the trial court erred by denying his motion in limine which sought exclusion of any evidence pertaining to an alleged drug transaction between him and an informant the previous night. The Appellant contends that the introduction of this testimony was "unfairly prejudicial" and exceeded the scope of those narrowly defined exceptions contained within Rule 404(b) of the Tennessee Rules of Evidence.

At trial, the State was permitted to introduce the following proof with regard to the Appellant's prior drug activity, which we summarize as follows:

> On October 26, 1999, Investigator Chandler testified that he positioned himself across the street from the 1401 Howard Street address and then directed two informants into the house in an attempt to purchase drugs. Chandler related that he had been surveilling the house for two hours at this time and had determined that the only occupants of the house were the Appellant and Brian Howard. Mr. Howard pretty much stayed at the doorway of the house most of the time, either on the porch or at the doorway. . . . The CI's walked up, one went into the house, one stayed at the door. Chandler observed the Appellant in the house.[3] After about forty-five seconds to a minute, not much more than a minute . . . they came back out and Chandler followed his informants to a prearranged meeting place. The informants delivered to Chandler one bag of a green leafy material that field-tested positive for marijuana.[4]

The State argues that the testimony concerning the alleged drug sale on the previous night was proper, and was offered to establish a common scheme or plan, *i.e.*, that the house was being utilized by the Appellant for the sole purpose of selling drugs. On appeal, the State asserts that at trial the "State's theory was that the [Appellant] used 1401 Howard Street as his 'stash house' and Chandler's testimony 'was highly probative to this matter.'"

Rule 404(b) of the Tennessee Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait.

---

[3]Prosecutor:    So its my understanding that before the buy took place, you saw [the Appellant] in the house?

Chandler:    Yes.

Prosecutor:    And then you saw him after the buy took place?

Chandler:    Yes.

[4]Although the trial court, after a jury-out 404(b) hearing, permitted introduction of the above testimony, it also found "that the unfair prejudice outweighed the probative value with regard to the conclusion made as to who actually did the sale," and directed Investigator Chandler not to identify the Appellant as the seller. Although the trial court attempted to shield from the jury the fact that it was the Appellant who sold drugs to the police informant, little was left to the jury's imagination from the proof introduced that the Appellant was, in fact, the drug seller.

It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:

> (1)    The court upon request must hold a hearing outside the jury's presence;

> (2)    The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and

> (3)    The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

In *State v. Mallard*, 40 S.W.3d 473, 487 (Tenn. 2001), our supreme court recently held "evidence that the defendant has committed some other crime wholly independent of that for which he is charged, even though it is a crime of the same character, is usually not admissible because it is irrelevant." Nonetheless, where the prior crime "is relevant to some matter actually in issue in the case on trial and if its probative value as evidence of such matter in issue is not outweighed by its prejudicial effect upon the defendant, then such evidence may be properly admitted." *Mallard,* 40 S.W.3d at 487. Additionally, this court has previously stated, "only in an exceptional case will another crime, wrong, or bad act be relevant to an issue other than the accused's character. Such exceptional cases include identity, intent, motive, opportunity, or rebuttal of mistake or accident." *State v. Luellen*, 867 S.W.2d 736, 740 (Tenn. Crim. App. 1992).

First, we are not persuaded by the State's argument that admission of the Appellant's prior drug sale was relevant to establish a common scheme or plan. In order to qualify as a common scheme or plan, the *modus operandi* must be so unique or distinctive as to be like a signature. *State v. Hallock*, 875 S.W.2d 285, 290 (Tenn. Crim. App. 1993). The offense in the instant case, although of the same character as the prior drug sale, was clearly not so distinctive as to be like a signature.

At the hearing on the motion, the trial court permitted introduction of the prior drug sale but for different grounds than those now argued by the State:

> There is a relevant issue as to the connection of the [Appellant] with the premises involved in 1401 Howard in Covington where the controlled substance was found, upon execution of the warrant . . . so the key issue for the jury is the connection of the [Appellant] to the premises."

We believe this finding correctly states the relevant issue which, in effect, is whether the Appellant constructively possessed the marijuana found at 1401 Howard Street. We also find material to the issue of constructive possession, the fact that the Appellant sold marijuana to the informant at the Howard Street address on October 26th, and that marijuana was seized from the same premises on

the following day. These facts are relevant to the question of whether the Appellant had control over the house and knowledge that marijuana was present. We agree with the trial court's findings (1) that the probative value of the Appellant's unlawful activities at the Howard Street address was not outweighed by the danger of unfair prejudice, Tennessee Rule of Evidence 404(b)(3); and (2) that proof was shown by clear and convincing evidence that the Appellant committed the crime. *State v. Parton*, 694 S.W.2d 293, 303 (Tenn. 1985). This issue is without merit.

### C. Sufficiency of the Evidence

The Appellant maintains that the evidence presented at trial is insufficient to support the jury's verdict of guilty. Specifically, the Appellant asserts that the evidence introduced against him was "purely circumstantial," and argues that the State failed to prove that he "was in possession and control of the premises at 1401 Howard Street."

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is sufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992), *cert. denied*, 507 U.S. 954, 113 S. Ct. 1368 (1993).

A crime may be established by circumstantial evidence alone. *State v. Tharpe*, 726 S.W.2d 896, 899-900 (Tenn. 1987). However, before an accused may be convicted of a criminal offense based only upon circumstantial evidence, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." *State v. Crawford*, 470 S.W.2d 610, 612 (Tenn. 1971). In other words, a conviction may not rest solely upon conjecture, guess, speculation, or a mere possibility. *Tharpe,* 726 S.W.2d at 900. Instead, a "web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances [the fact finder] could draw *no other reasonable inference* save the guilt of the defendant beyond a reasonable doubt." *State v. Sexton*, 917 S.W.2d 263, 265 (Tenn. Crim. App. 1995) (emphasis added).

A conviction for possession of a controlled substance may be based upon actual or constructive possession. *State v. Brown*, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991); *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). Before a person can be found to constructively possess a drug, it must first appear that the person has the power and intention at any

given time to exercise dominion and control over the drugs either directly or through others. *State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981).

We acknowledge that in reviewing a conviction for possession of a controlled substance, the dispositive question is not ownership or whether the accused had control over the place where the drugs were found; rather, the question is whether the accused had actual or constructive possession of the drugs themselves. Indeed, under a theory of constructive possession, physical presence or dominion over the drugs is not required. To the contrary, constructive possession only requires "the power and intention . . . to exercise dominion and control" over the drugs either directly or indirectly. *Id.* at 125. Obviously, proof that the accused had ownership or control over the property where contraband is kept may help resolve the question of constructive possession because it gives rise to an inference of knowledge and possession of the contraband. *See State v. Brown*, 915 S.W.2d 3, 7-8 (Tenn. Crim. App. 1995); *State v. Jackson*, No. M1998-00035-CCA-R3-CD (Tenn. Crim. App. at Nashville, May 5, 2000). Nonetheless, it is not a prerequisite for conviction.

The proof, in the light most favorable to the State, established that on the night of October 26th, the Appellant was one of two individuals involved in the sale of marijuana at a house located at 1401 Howard Street. The next day, following execution of a search warrant, marijuana was again located at the same address. Virtually no evidence was found to establish that the Howard Street house was being used as a residence by anyone. Although neither the Appellant nor any of his possessions were found in the house at the time of the search, the police estimated that the Appellant was present "80 to 85%" of the time during their periods of surveillance. From these facts, we find sufficient evidence to conclude that the premises were in the Appellant's control, and that he possessed the "power and intention to exercise dominion and control" over the marijuana seized by the police during the search. Accordingly, we find the proof sufficient to establish that the Appellant knowingly possessed marijuana in excess of .5 ounce with the intent to deliver. *See* Tenn. Code Ann. § 39-17-417(g)(1).

## CONCLUSION

We find that the trial court properly denied the Appellant's motion in limine seeking exclusion of the Appellant's prior drug activity at the Howard Street address. Moreover, we conclude that the affidavit contained sufficient information for the magistrate to find probable cause for the issuance of the warrant. With regard to the Appellant's sufficiency argument, we find the evidence legally sufficient to support the jury's verdict. Accordingly, the judgment of conviction for felony possession of marijuana in excess of one-half ounce with the intent to deliver is affirmed.

_____
DAVID G. HAYES, JUDGE