IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2001

## STATE OF TENNESSEE v. EVELYN C. BOSTIC

**Appeal as of Right from the Circuit Court for Rutherford County
No. 48518-A     James K. Clayton, Jr., Judge**

--------

**No. M2000-03011-CCA-R3-CD - Filed March 8, 2002**

--------

The appellant, Evelyn C. Bostic, pled guilty in the Rutherford County Circuit Court to one count of facilitation of possession of more than .5 gram of cocaine with intent to sell. The trial court sentenced the appellant to six years incarceration in the Tennessee Department of Correction. As part of the plea agreement, the appellant specifically reserved a certified question of law regarding the sufficiency of the affidavit underlying the search warrant issued in this case. Upon review of the record and the parties' briefs, we reverse the judgment of the trial court and vacate the appellant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Kenneth D. Quillen, Nashville, Tennessee, for the appellant, Evelyn C. Bostic.

Paul G. Summers, Attorney General and Reporter; T. E. Williams, III, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On September 3, 1999, officers with the Smyrna Police Department executed a search warrant on 1 Imperial Boulevard, C-27, located in Smyrna, Tennessee, which is the residence of the appellant and her boyfriend, Walter L. Holmes. In the closet of the master bedroom, the police discovered approximately 3.5 ounces of cocaine. The appellant was indicted for possession of more than .5 gram of cocaine with intent to sell, which indictment was subsequently amended to reflect a charge of facilitation of possession of more than .5 gram of cocaine with intent to sell.

Prior to trial, the appellant filed a motion to suppress, complaining of several problems with the search warrant and with the affidavit in support of the search warrant. After a motion to suppress hearing, the trial court denied the appellant's motion, stating that "the Court finds there to be probable cause in the affidavit to support a search warrant." Following this ruling, the appellant pled guilty to the charged offense and received a six year sentence.[1] As part of her plea agreement, the appellant properly reserved the following certified question of law: Whether the search warrant affidavit established probable cause, or more specifically, whether the affidavit reflected a basis of knowledge for the informant's assertions and a sufficient nexus between the evidence sought and the premises to be searched. See Tenn. R. Crim. P. 37(b)(2)(i); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988) (describing the procedure for properly reserving a certified question of law).

## II. Analysis

On appeal, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Nevertheless, appellate courts will review the trial court's application of law to the facts purely de novo. State v. Walton, 41 S.W.3d 75, 81 (Tenn.), cert. denied, __ U.S. __, 122 S. Ct. 341 (2001).

> With regard to the issue now before us, our supreme court has explained that [t]he Fourth Amendment to the United States Constitution requires that search warrants issue only "upon probable cause, supported by Oath or affirmation." Article I, Section 7 of the Tennessee Constitution precludes the issuance of warrants except upon "evidence of the fact committed." Therefore, under both the federal and state constitutions, no warrant is to be issued except upon probable cause. Probable cause has been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act.

State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998) (footnote and citations omitted). Moreover, in this state, "a finding of probable cause supporting issuance of a search warrant must be based upon evidence included in a written and sworn affidavit." Id. Specifically, this court has observed that "[p]robable cause to support the issuance of a warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." State v. Barbara Copeland, No. 03C01-9402-CR-00079, 1996 Tenn. Crim. App. LEXIS 385, at **8-9 (Knoxville, June 28, 1996); see also State v. Moon, 841 S.W.2d 336, 337-338 (Tenn. Crim. App. 1992). Additionally, "[i]n order to establish probable cause, an affidavit must set forth facts from which a reasonable conclusion may be drawn that the contraband will be found in the place to be searched pursuant to the warrant." State v. Norris, 47 S.W.3d 457, 470 (Tenn. Crim. App. 2000). Furthermore, "'affidavits must be looked at and read in a common sense and practical manner', and . . . the finding

---

[1] The trial court ordered the appellant to serve her six year sentence on probation.

of probable cause by the issuing magistrate is entitled to great deference." State v. Bryan, 769 S.W.2d 208, 211 (Tenn. 1989) (quoting State v. Melson, 638 S.W.2d 342, 357 (Tenn. 1982)). Accordingly, we must review the affidavit to determine whether there was sufficient evidence contained therein to support the issuance of the search warrant; namely, whether the affidavit sufficiently alleges the existence of illegal activity at the appellant's residence.

Officer Duke's affidavit contains the statements of a confidential informant, as related to Detective Jesse Burchwell who in turn related the statements to Officer Duke;[2] the details of the corroborative efforts of police; and statements describing how, in Officer Duke's experience, a drug dealer typically conducts business. We will begin by addressing the appellant's concerns about the sufficiency of the informant's tip.

The first paragraph of the affidavit states as follows:

Your affiant received information from Detective Jesse Burchwell on the Nashville Metro Police Department that a confidential and reliable informant, hereafter referred to as said CI; stated that Walter Holmes was selling cocaine and marijuana from 2423 Eden Street, Apartment C, Nashville[,] Tennessee. Said CI stated that Walter Holmes stores his drugs and monies in a residence in Smyrna, Tennessee, Rutherford County. Said CI stated that Walter Holmes lived in Smyrna with his girlfriend who works at a Wendy's Restaurant in Nashville. Within the past 72 hours Detective Burchwell gave said CI a quantity of Metro Vice funds and directed said CI to go to 2423 Eden Street, Apartment C in Nashville and purchase a quantity of cocaine. Detective Burchwell observed Walter Holmes drive a Nissan Altima with Tennessee license 194-ZXP and go into 2423 Eden Street, Apartment C. Detective Burchwell then observed said CI go into 2423 Eden Street, Apartment C and momentarily return from this address and proceed directly back to Detective Burchwell where said CI turned over a quantity of cocaine to Detective Burchwell. Said CI is familiar with said drug from past experience and exposure. Detective Burchwell knows said CI is reliable from past criminal drug information received from said CI that Detective Burchwell has corroborated and from the seizures of narcotics and monies based on information obtained from said CI.

The affidavit also attests that the police corroborated that Holmes lived in Smyrna with the appellant, who works at a Wendy's in Nashville, and that Holmes was seen driving the appellant's car.

_____

[2] This court has observed that it is permissible for an officer to apply for a search warrant based upon the observations of fellow officers engaged in a common investigation. State v. Brown, 638 S.W.2d 436, 438 (Tenn. Crim. App. 1982).

In State v. Jacumin, 778 S.W.2d 430, 436 (Tenn. 1989), our supreme court espoused the two-pronged Aguilar-Spinelli test "as the standard by which probable cause will be measured to see if the issuance of a search warrant is proper under Article I, Section 7 of the Tennessee Constitution." See Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509 (1964). Specifically, "hearsay information supplied by a confidential informant can not support a finding of probable cause unless it also contains factual information concerning the informant's basis of knowledge and credibility." Henning, 975 S.W.2d at 294-295 (citing Jacumin, 778 S.W.2d at 432, 436). It is also well established that "independent police corroboration of the information provided by the informant may make up deficiencies in either prong." State v. Powell, 53 S.W.3d 258, 263 (Tenn. Crim. App. 2000).

The appellant specifically complains that the confidential informant's tip contains no information regarding the informant's *basis of knowledge*. In response to the appellant's brief, the State does not address the informant's basis of knowledge but maintains that the information contained in the affidavit adequately establishes the informant's *credibility*. However, the appellant does not contend that there was insufficient information contained in the affidavit to establish the informant's credibility. Notably, from our review of the content of the affidavit, the informant's credibility and reliability were adequately established. See State v. Lowe, 949 S.W.2d 300, 305-306 (Tenn. Crim. App. 1996); State v. Michael Allen Price, No. 01C01-9803-CC-00126, 1999 Tenn. Crim. App. LEXIS 291, at *9 (Nashville, March 23, 1999).

This court has explained that "[u]nder the . . . 'basis of knowledge' prong, facts must be revealed which permit the magistrate to determine whether the informant had a basis for his information or claim regarding criminal conduct." Lowe, 949 S.W.2d at 304; see also Moon, 841 S.W.2d at 338. Specifically, "[t]he informant must describe the manner in which he gathered the information, or the informant must describe the criminal activity with great particularity." State v. Steven Woodward, No. 01C01-9503-CR-00066, 1996 Tenn. Crim. App. LEXIS 114, at *6 (Nashville, February 23, 1996). It is clear from our review of the information contained in the affidavit that there is no information contained therein from which the magistrate issuing the search warrant could determine how the informant obtained the information regarding the Smyrna residence.[3] See State v. Bowling, 867 S.W.2d 338, 343 (Tenn. Crim. App. 1993). Namely, "the tip contained neither an explicit statement describing the basis of the informant's knowledge nor sufficient detail to suggest reliance upon 'something more substantial than a casual rumor circulating

---

[3] We find it important to note that, at the motion to suppress hearing, Officer Duke testified that both the confidential informant and Detective Burchwell heard Holmes say that Holmes kept his drugs at his Smyrna residence where he lived with the appellant. Had this information been in the affidavit, the basis of knowledge prong would have been amply satisfied. See State v. Marshall, 870 S.W.2d 532, 539 (Tenn. Crim. App. 1993); State v. Jimmy Clyde Jones, No. 02C01-9703-CC-00120, 1997 Tenn. Crim. App. LEXIS 1289, at *9 (Jackson, December 18, 1997). Regrettably, Officer Duke did not explain in the affidavit how the information was obtained. See Moon, 841 S.W.2d at 342 (stating that "[r]egardless of what information was actually possessed by the affiant in this case, it [is] incumbent upon him to include sufficient circumstances in the affidavit to allow the magistrate to determine probable cause under the standard provided by Jacumin").

in the underworld or an accusation based merely on an individual's general reputation.'" State v. Jose Roberto Ortiz, No. M1998-00483-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1339, at *31 (Nashville, December 30, 1999) (quoting Spinelli, 393 U.S. at 416, 89 S. Ct. at 589). The affidavit merely gave a conclusory statement regarding the presence of drugs at the Smyrna residence.

Moreover, the appellant also contends that the affidavit did not "establish[] a sufficient nexus between the evidence sought and the premises to be searched." Our supreme court has expounded that

> [a]n affidavit in support of a search warrant must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched. The nexus between the place to be searched and the items to be seized may be established by the type of crime, the nature of the items, and the normal inferences where a criminal would hide the evidence.

State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993) (citations omitted); see also State v. Jason Miller, No. 03C01-9402-CR-00065, 1995 Tenn. Crim. App. LEXIS 670, at *6 (Knoxville, August 9, 1995).

This court has observed that "[t]he facts which connect a crime or criminal activity to the premises to be searched are critical and must be included in an affidavit for a search warrant." Miller, No. 03C01-9402-CR-00065, 1995 Tenn. Crim. App. LEXIS 670, at **5-6. Yet, there is no information contained in the affidavit to support the statement that the drugs would be located at the Smyrna residence, as opposed to the Nashville residence. This court has recently noted that, for example, "'[t]he police may have absolute proof that the defendant sold drugs on a street corner . . . but officers cannot search the home of the defendant for drugs without some information that the drugs are in the defendant's home.'" State v. Frank Michael Vukelich, No. M1999-00618-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 734, at **33-34 (Nashville, September 11, 2001) (quoting David L. Raybin, TENNESEE CRIMINAL PRACTICE AND PROCEDURE § 18.70) (alteration in original).

Unlike other circumstances considered by this court, the facts set forth in this affidavit cannot support a reasonable inference that drugs would be located at the Smyrna residence. For example, in Vukelich, No. M1999-00618-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 734, at **36-37, this court emphasized that the affidavit contained specific information that the police had been investigating the defendant for two years, the defendant was a large-scale marijuana dealer, the police had previously seized drugs from another residence of the defendant and from the defendant's car, there was a large amount of contraband involved, and, in the officer's experience, the drugs would be found in the location to be searched. In the instant case, the affidavit does not indicate the amount of drugs involved, a past history of drugs, or extensive investigation, nor does the affidavit set forth specific allegations to establish a connection between the drug sales and the Smyrna residence. There is only a conclusory statement that "Walter Holmes stores his drugs and monies in a residence in Smyrna, Tennessee, Rutherford County." Accordingly, we conclude that the information set forth in the warrant did not establish probable cause to search the Smyrna residence. Specifically, we note that

[t]o have concluded that probable cause was present to search appellant's residence on the basis of this affidavit required conjecture and speculation on the part of the issuing magistrate. The United States and Tennessee Constitutions do not allow, and we therefore cannot uphold, a search of a citizen's home on such a dearth of specific facts.

State v. Harvill Gilbert, No. 01C01-9311-CC-00383, 1995 Tenn. Crim. App. LEXIS 168, at *16 (Nashville, March 3, 1995).

### III.  Conclusion

Accordingly, we reverse the judgment of the trial court and vacate the appellant's conviction.

.

_____
NORMA McGEE OGLE, JUDGE