IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. BILLY DEWAYNE WALKER

**Appeal from the Circuit Court for McNairy County**
**No. 1740     Jon Kerry Blackwood, Judge**

---

**No. W2005-00216-CCA-R3-CD  - Filed July 21, 2005**

---

The state appeals the McNairy County Circuit Court's order suppressing drug-related evidence seized from the home of the defendant, Billy Dewayne Walker, pursuant to a search warrant. The state contends that the trial court erred in finding that the information contained in the affidavit accompanying the search warrant was insufficient to establish probable cause for the search. We agree and reverse the trial court's ruling.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed,**
**Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellant, State of Tennessee.

James N. Adams, Jr., Selmer, Tennessee, for the appellee, Billy Dewayne Walker.

## OPINION

At the suppression hearing, McNairy County Sheriff's Department Deputy Allen Strickland testified that he assisted in executing the search warrant of the defendant's residence on August 16, 2003. The record reflects that the search warrant was issued based upon Deputy Strickland's sworn affidavit, which stated:

> On 8-15-03 I received a call from Agent Jeff Palmer, Mississippi Bureau of Narcotics, who stated that on 8-15-03 an under cover police officer rode with a confidential informant to 8025 Highway 45 South in McNairy County.  The under cover officer and the confidential informant entered 8025 Highway 45 south and purchased crack cocaine from a black male who was later identified as Billy

Walker. The crack cocaine was field tested and tested positive for cocaine.

The defendant's motion requested that the trial court suppress as evidence 4.8 grams of crack cocaine, approximately one ounce of marijuana, ten Adipex and twelve unidentified red pills, $833.00 in cash, two cellular telephones, and one scanner, in addition to all other evidence seized and any statements made as a result of the search. The trial court granted the defendant's motion and stated:

> The reason is that there are no—All of the statements made in the affidavit are all conclusions, relayed to you from another officer. The officer had—You had no factual basis to tell the magistrate about anything that happened, other than conclusions that were relayed to you from another officer. It has to be some fact that the affiant is aware of, himself, that would lead the issuing magistrate to believe that there was probable cause.

In its order, the trial court noted the affidavit in support of the search warrant was deficient because it was predicated upon information furnished to the affiant by an officer from the Mississippi Bureau of Narcotics who did not receive his information firsthand but through hearsay statements from an unidentified undercover officer and confidential informant. The trial court observed that the affidavit failed to state (1) the efforts of the affiant or other officers to corroborate the information, (2) the reasons the affiant believed the information furnished by the undercover officer and informant were reliable, or (3) why the affiant believed the informants were credible.

The state contends that the trial court erred in finding the affidavit was insufficient to establish probable cause for the search. It argues that the affiant is not required to have personal knowledge of the existence of the grounds calling for the search warrant. The defendant contends that the trial court did not err by granting his motion to suppress. He argues that the search warrant was invalid because the affidavit contained hearsay and failed to mention that the officers were engaged in a common investigation, the undercover officer was unidentified and not a fellow officer of the affiant, and the affiant did not state that he knew Agent Palmer or attempt to corroborate the information he received.

## ANALYSIS

A trial court's factual findings on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Jones, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990). Questions about the "credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Odom, 928 S.W.2d at 23. The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). The application of the law

to the facts as determined by the trial court is a question of law which is reviewed de novo on appeal. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

In Tennessee, a finding of probable cause supporting issuance of a search warrant must be based upon evidence included in a written and sworn affidavit, which sets forth sufficient facts upon which a neutral and detached magistrate can find probable cause for issuing the warrant. T.C.A. §§ 40-6-103, -104; Tenn. R. Crim. P. 41(c); State v. Jacumin, 778 S.W.2d 430, 432 (Tenn. 1989); State v. Bryan, 769 S.W.2d 208, 210 (Tenn. 1989). The need for the magistrate's independent judgment means that the affidavit must contain more than merely conclusory allegations by the affiant. "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." United States v. Ventresca, 380 U.S. 102, 108-09, 85 S. Ct. 741, 746 (1965).

In determining the validity of a search warrant, the reviewing court may consider only the information brought to the magistrate's attention. Jacumin, 778 S.W.2d at 432. The affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant. Id.; State v. Melson, 638 S.W.2d 342, 354 (Tenn. 1982). When relying on information from an informant, the affiant must be able to demonstrate that the informant has a basis of knowledge and that he is credible or the information is reliable. See Jacumin, 778 S.W.2d at 436 (adopting two-prong test of Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584 (1969)); State v. Lewis, 36 S.W.3d 88, 98 (Tenn. Crim. App. 2000). As a practical matter, when the affiant is an investigating officer, his or her reliability may be presumed by the magistrate, as may be the reliability of other investigating officers upon whom the affiant relies. See State v. Moon, 841 S.W.2d 336, 338 n.1 (Tenn. Crim. App. 1992); State v. Brown, 638 S.W.2d 436, 438 (Tenn. Crim. App. 1982). Thus, no special showing of reliability is necessary when the information comes from such an officer. Moon, 841 S.W.2d at 338 n.1.

In Jacumin, the supreme court warned against applying the two-pronged test hypertechnically. 778 S.W.2d at 436. It also approved, as it previously had in Bryan, the United States Supreme Court's statement in Illinois v. Gates relative to the duties of magistrates and reviewing courts regarding the determination of probable cause:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

Gates, 462 U.S. 213, 238-39, 103 S. Ct. 2317, 2332 (1983).

A finding of probable cause made by an issuing magistrate is entitled to great deference. State v. Yeomans, 10 S.W.3d 293, 296 (Tenn. Crim. App. 1999) (citing Melson, 638 S.W.2d at 357). Therefore, the standard to be employed in reviewing the issuance of a search warrant is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." State v. Meeks, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993).

First, we conclude the trial court was incorrect when it stated that the affidavit may not be based on hearsay information and should reflect to some extent Deputy Strickland's personal observations concerning the facts and circumstances supporting the search warrant. See Jacumin, 778 S.W.2d at 432; Melson, 638 S.W.2d at 354. Moreover, as previously noted, when the affiant is an investigating officer, his reliability and that of the officers upon whom he relies may be presumed by the magistrate. Moon, 841 S.W.2d at 338 n.1. In his affidavit, Deputy Strickland stated that he learned from Agent Palmer, who worked for the Mississippi Bureau of Narcotics, that an undercover officer purchased cocaine from the defendant. We may infer that the undercover officer reported the information to Agent Palmer, who called Deputy Strickland in Tennessee for assistance with the drug investigation. Because the affidavit was based entirely on information from law enforcement personnel, the reliability prong was satisfied. The basis of knowledge is supported by the fact the undercover officer was in the defendant's home at 8025 Highway 45 South in McNairy County and personally purchased a substance from the defendant that field tested positive for cocaine. Based on the information set forth in the affidavit, we conclude the magistrate had a substantial basis for finding probable cause to search the defendant's home.

With respect to the remainder of the defendant's arguments, it is not required that the undercover officer be identified in the affidavit or that the undercover officer or Agent Palmer be a fellow officer of the affiant. As for independent corroboration, we note that it may supplement the information used to satisfy either prong of the Spinelli/Aguilar test. State v. Ballard, 836 S.W.2d 560 (Tenn. 1992); Jacumin, 778 S.W.2d at 436; Moon, 841 S.W.2d at 340. However, it is not required. If the information supplied by a source is sufficient in and of itself to support a finding of probable cause, there is no reason to impose an additional duty on the police to supplement the facts. See State v. Ernest B. Steele, Jr., No. 03C01-9212-CR-00430, Knox County, slip op. at 5 (Tenn. Crim. App. Aug. 25, 1993).

Based on the foregoing and the record as a whole, we reverse the trial court's ruling and remand this case to the McNairy County Circuit Court for proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, JUDGE