STATE of Tennessee, Appellant,

v.

William R. (Bobby) BRYAN, Appellee.

Supreme Court of Tennessee,
at Nashville.

April 17, 1989.

Charles W. Burson, Atty. Gen. and Reporter, Miriam Nabors Banks, Asst. Atty. Gen., Nashville, for appellant.

James Daniel Freemon, Lawrenceburg, for appellee.

Paul J. Morrow, Jr., Susan L. Kay, Nashville, Ann C. Short, Knoxville, for Tennessee Ass'n of Criminal Defense Lawyers.

## OPINION

HARBISON, Justice.

Appellee was convicted in a jury trial in Lawrence County, Tennessee of possession of substantial quantities of cocaine and marijuana with intent to deliver or sell. The jury imposed a total fine of $203,000, and the trial judge sentenced appellee to serve thirty-five years on the cocaine conviction and three years on the marijuana conviction, the sentences to be served concurrently.

On appeal to the Court of Criminal Appeals appellant raised six issues. The appellate court sustained one issue pertaining to the sufficiency of the affidavit upon the basis of which a search warrant was obtained. Pretermitting all of the other issues, the Court of Criminal Appeals remanded the case for a new trial.

After a careful examination of the record, we are of the opinion that the Court of Criminal Appeals was in error in holding the affidavit for the search warrant to be insufficient. Accordingly, we reverse and remand the case to that Court for consideration of the other issues raised on appeal.

The affidavit was executed on April 4, 1985, by Allen Hale, a vice officer of the Murfreesboro, Tennessee Police Department. It was presented to the Honorable James L. Weatherford, Judge of the Circuit Court of Lawrence County, Tennessee. Upon the basis of the affidavit, a search warrant was issued by Judge Weatherford and was executed on the same day as the affidavit, April 4, 1985. Because the search of appellee's premises was not completed until after midnight on the date of issuance and had to be interrupted because of darkness, another warrant was issued the next day to continue the search. There

is no question as to the validity of the second warrant, and it is conceded by appellee that if the affidavit for the first warrant was sufficient, there is no basis for suppressing the evidence obtained on either of the searches.

On December 2, 1985, the trial judge conducted an evidentiary hearing on a motion to suppress filed on behalf of appellee. Three grounds for suppression were urged. The trial judge overruled all three grounds, and only one of them is pursued on appeal. The two not involved on appeal had to do with the spelling of the name of the appellee on the face of the affidavit and the failure of the Sheriff of Lawrence County, to whom the warrant was issued, personally to conduct or supervise the search. The evidentiary record clearly showed that there was no merit to the latter ground, and the spelling of the name was correctly treated by the trial judge as an immaterial typographical error.

The principal ground of the motion to suppress was an attack upon the facial validity of the affidavit filed in connection with the application for the warrant. No question was raised as to the sufficiency of the description of the premises to be searched or the scope of the actual search which followed. There was no claim made and no evidence introduced at the suppression hearing that any of the allegations contained in the affidavit were made fraudulently, recklessly or with intent to deceive the Court. The attack was facial only, the insistence being that a neutral and detached magistrate could not determine from the statements in the affidavit any material connection between appellee and the premises and could not determine that criminal activity had been or was being conducted on the premises within a sufficient time frame to justify the issuance of a search warrant.

After the motion to suppress had been overruled, along with numerous other pretrial motions, and after the trial of appellee on the merits, substitute counsel for appellee undertook to reopen the suppression issue at a post-trial hearing. The purpose

of this hearing was to show factual inaccuracies contained in the allegations of the affidavit.[1] The trial judge declined to permit counsel to go behind the allegations of the affidavit, and again refused to grant appellee's motion. Appellee did not testify or offer any counter-affidavit at the original suppression hearing. He did testify post-trial. His testimony dealt entirely with other issues and did not involve the search warrants.

There is no evidence in the record to contradict the facial validity of the affidavit submitted in connection with the application for the search warrant nor is there any competent offer of proof that the April 3 transaction occurred outside Lawrence County. There is therefore no basis on this appeal for finding any false or misleading statement in connection with the affidavit which would invalidate the search warrant. *See State v. Little*, 560 S.W.2d 403 (Tenn. 1978).

The affidavit in question accurately described the premises which were later searched and shown to belong to appellee. It sought a warrant for the search of those premises and of the person of appellee, stating that there was probable and reasonable cause to believe that contraband was located on the premises described.

Affiant was described as a police officer who had been employed with the Murfreesboro Police Department for five years. The affidavit continued:

> On the date of April 4, 1985, your affiant (received information from) an informant, who has given information about criminal activity which has proven to be true and has resulted in the catch of Controlled Substances, that said informant received from Bobby Bryant on the 3rd of April, 1985 a quantity of marijuana and cocaine. Said informant stated that he has purchased controlled substances on the above described premises on over a dozen occasions. Information received through other sources has re-

vealed that Bobby Bryant is known to be a drug dealer and that cocaine has been found on the above described property before by law enforcement agents.

As stated previously, this affidavit was presented to a circuit judge in Lawrence County on April 4, 1985 and a warrant issued. Subsequently a general sessions judge overruled the motion to suppress at the preliminary hearing, and the trial judge, a different circuit judge from the one who issued the search warrant, overruled the motion to suppress.

The Court of Criminal Appeals, however, held that the foregoing affidavit did not show a sufficient nexus or connection between either the appellee and the premise to be searched or the April 3 transaction and the premises. The Court of Criminal Appeals also relied on the affiant's failure to state the dates on which the informant previously purchased controlled substances on the premises; the person from whom such purchases had been made; the dates when law enforcement agents had found cocaine on the premises; and whether any arrest or convictions resulted from the previous discovery of cocaine on the premises. It also concluded that the facts in the affidavit did not support a finding that criminal activity was occurring or that contraband was being stored on the premises at the time when the affidavit was presented.

■ We respectfully disagree and hold, as did the three judges before whom the matter was heard at the trial level, that the affidavit did contain sufficient facts to justify a neutral and detached magistrate in issuing a search warrant.

■ An affidavit to support a search warrant is not an indictment and is not required to be as specific as an indictment. Neither must it contain conclusive allegations of guilt of the accused. It simply must contain information upon the basis of which a neutral and detached magistrate

---

1. For example, the affidavit stated that an informant advised the affiant that he had received a quantity of marijuana and cocaine from appellee on April 3, 1985. At the post-trial hearing, counsel for appellee sought to introduce evidence that any such receipt of contraband had occurred away from the premises in question and in another county.

could find probable cause for the issuance of a search warrant.

T.C.A. § 40–6–103 states:

A search warrant can only be issued on a probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched.

In *State v. Lakin,* 588 S.W.2d 544 (Tenn. 1979) this Court discouraged the use of warrantless searches and encouraged the obtaining of a search warrant, pointing out that ordinarily no insurmountable difficulties are presented in that connection, especially in the absence of an emergency. The Court stated:

The courts of this jurisdiction have not been unreasonable in their interpretation of warrants or their execution, where officers have made a conscientious effort to obtain a valid warrant prior to making a search.

588 S.W.2d at 548.

In *State v. Melson,* 638 S.W.2d 342, 351–359 (Tenn.1982) the Court examined in detail a multi-faceted attack upon a search warrant and the affidavit supporting the same. There, as in other cases, the Court emphasized "that affidavits must be looked at and read in a commonsense and practical manner", and that the finding of probable cause by the issuing magistrate is entitled to great deference. 638 S.W.2d at 357.

In *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983) the Supreme Court of the United States stated that the

... task of the issuing magistrate is simply to make a practical, common sense decision, where given all the circumstances set forth in the affidavit before him including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for conclud[ing]" that probable cause existed.

The affidavit in this case stated that the affiant had probable and reasonable cause to believe that contraband was located on the described premises. The affidavit contained information confirming the reliability of his informant and the fact that the informant had, within a period of one day, received contraband from appellee. The informant stated that he had purchased controlled substances on the described premises on more than a dozen occasions.

Under these circumstances, we believe that the magistrate could reasonably conclude that the informant had first-hand knowledge of immediate and on-going criminal activity involving the storage and sale of contraband on the premises and on the person of the appellee.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court for consideration of the pretermitted issues. Costs incident to the appeal to this Court will be taxed to appellee. All other costs will be fixed by the Court of Criminal Appeals.

FONES, COOPER and O'BRIEN, JJ., concur.

DROWOTA, C.J., dissents.