IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## STATE OF TENNESSEE v. ROBERT GENE MAYFIELD

**Appeal from the Circuit Court for Montgomery County**
**No. 40300798      Michael R. Jones, Judge**

---

**No. M2004-01539-CCA-R3-CD - Filed June 3, 2005**

---

The Appellant, Robert Gene Mayfield, presents for review a certified question of law. *See* Tenn. R. Crim. P. 37(b)(2)(i). Mayfield pled guilty to felony possession of over .5 grams of cocaine with the intent to sell and felony possession of over one-half ounce of marijuana with the intent to sell. He was subsequently sentenced to an effective eight-year sentence to be served on probation. As a condition of his guilty plea, Mayfield explicitly reserved a certified question of law challenging the denial of his motion to suppress evidence found during the execution of a search warrant at his residence. Mayfield argues that the affidavit given in support of the warrant was insufficient to establish probable cause. After review of the record, we affirm the judgment of the Montgomery County Circuit Court denying the motion to suppress.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Timothy R. Wallace, Clarksville, Tennessee, for the Appellant, Robert Gene Mayfield.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Lance Baker, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

On February 17, 2003, officers with the 19th Judicial District Drug Task Force executed a search warrant at the home of the Appellant in Montgomery County. The search yielded approximately four ounces of cocaine, approximately one-quarter pound of marijuana, several items of drug trafficking paraphernalia, a semi-automatic pistol, and $823.00 in cash. In May of 2003, a Montgomery County grand jury returned a five-count indictment charging the Appellant with: (1)

possession of cocaine with the intent to sell, over 26 grams; (2) possession of cocaine with intent to deliver, over 26 grams; (3) possession of marijuana with intent to sell, over one-half ounce; (4) possession of marijuana with intent to deliver, over one-half ounce; and (5) possession of drug paraphernalia.

On March 11, 2004, the Appellant filed a motion to suppress the evidence found during the search, alleging that the affidavit given in support of the warrant was insufficient to support a finding of probable cause. After a suppression hearing, the trial court found the affidavit contained sufficient probable cause and denied the motion. On May 17, 2004, the Appellant pled guilty to Class B felony possession of cocaine with the intent to sell, over .5 grams, and Class E felony possession of marijuana with the intent to sell, over one-half ounce. The remaining charges were dismissed. As part of the plea agreement, the Appellant was sentenced to concurrent sentences of eight years for the cocaine conviction and two years for the marijuana conviction, all to be served on probation. However, as part of the agreement, the Appellant explicitly reserved a certified question of law, which is now before this court on appeal.

**Analysis**

In this appeal, the Appellant seeks review of the following certified question of law:

That the trial court should have suppressed the cocaine seized from the defendant's property pursuant to the execution of a search warrant on the defendant's property. The certified question of law is: Is the affidavit of complaint setting forth probable cause for the issuance of the search warrant sufficient to establish probable cause for the issuance of the search warrant.

**I. Certified Question of Law**

Rule 37(b)(2)(i), Tennessee Rules of Criminal Procedure, allows an appeal from a guilty plea under very narrow circumstances. An appeal lies from a guilty plea, pursuant to Rule 37(b)(2)(i), if the final order of judgment contains a statement of the dispositive certified question of law reserved by the Appellant, wherein the question is so clearly stated as to identify the scope and the limit of the legal issues reserved. *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The order must also state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation, and that the State and the trial judge are of the opinion that the question is dispositive of the case. *Id.* An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). If these circumstances are not met, this court is without jurisdiction to hear the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). The burden is on the Appellant to see that these prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Id.*

The record before us demonstrates that the requirements of Rule 37 have been met. Accordingly, we proceed to address the merits of the Appellant's argument with regard to his motion to suppress.

## II. Motion to Suppress

In reviewing a trial court's determinations regarding a suppression hearing, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id.* Nevertheless, review of the trial court's application of law to the facts is purely *de novo*. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001). Furthermore, the State, as the prevailing party, is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. *Odom*, 928 S.W.2d at 23.

The search of the Appellant's residence was conducted pursuant to a search warrant. However, on appeal, the Appellant contends that there was insufficient probable cause to support the issuance of the warrant. Specifically, he argues that the affidavit was based upon information obtained from a confidential informant and that the affidavit failed to establish either the informant's veracity or his basis of knowledge.

Our supreme court has explained that the Fourth Amendment to the United States Constitution requires that search warrants issue only "upon probable case, supported by Oath or affirmation." Article I, Section 7 of the Tennessee Constitution precludes the issuance of warrants except upon "evidence of the fact committed." Therefore, under both the federal and state constitutions, no warrant is to be issued except upon probable cause. Probable cause has been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998). In this state "a finding of probable cause supporting issuance of a search warrant must be based upon evidence included in a written and sworn affidavit." *Id.* Specifically, in "order to establish probable cause, an affidavit must set forth facts from which a reasonable conclusion may be drawn that the contraband will be found in the place to be searched pursuant to the warrant." *State v. Norris*, 47 S.W.3d 457, 470 (Tenn. Crim. App. 2000). The affidavit must contain more than conclusory allegations. We note that "affidavits must be looked at and read in a commonsense and practical manner, and that the finding of probable cause by the issuing magistrate is entitled to great deference." *State v. Bryan*, 769 S.W.2d 208, 211 (Tenn. 1989) (citations omitted).

In *State v. Jacumin*, 778 S.W.2d 430, 436 (Tenn. 1989), our supreme court adopted the two-pronged *Aguilar-Spinelli* test "as the standard by which probable cause will be measured to see if the issuance of a search warrant is proper under Article I, Section 7 of the Tennessee Constitution." *See Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509 (1964). Specifically, "hearsay information supplied by a confidential informant can

not support a finding of probable cause unless it also contains factual information concerning the informant's basis of knowledge and credibility." *Henning*, 975 S.W.2d at 294-95 (citing *Jacumin*, 778 S.W.2d at 432, 436). However, independent police corroboration of the information provided by the informant may make up deficiencies in either prong. *State v. Powell*, 53 S.W.3d 258, 263 (Tenn. Crim. App. 2000).

This court has explained that "under the . . . 'basis of knowledge' prong, facts must be revealed which permit the magistrate to determine whether the informant had a basis for his information or claim regarding criminal conduct." *State v. Lowe*, 949 S.W.2d 300, 304 (Tenn. Crim. App. 1996); *see also State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). The informant must describe the manner in which he gathered the information, or the informant must describe the criminal activity with great particularity. *State v. Steven Woodward*, No. 01C01-9503-CR-00066 (Tenn. Crim. App. at Nashville, Feb. 23, 1996).

The second prong of the *Aguilar-Spinelli* test, sometimes referred to as the reliability, veracity, or credibility prong, deals with the truthfulness of the informant. Under this prong, "facts must be revealed which permit the magistrate to determine either the inherent credibility of the informant or the reliability of his information on the particular occasion." *Moon*, 841 S.W.2d at 338.

The relevant portions of the affidavit written in support of the search warrant by Agent George Dettwiller provide as follows:

> Your affiant received the following information from a credible and reliable informant, said informant has been in the aforestated residence in the last ten days and has seen what informant believed to be a large quantity of cocaine. Said informant stated to your affiant that [the Appellant] sold cocaine and that Andrea Dowdy was a cocaine user, both of which you affiant knows to be true. Said informant has made controlled narcotics purchases in the past for your affiant and is familiar with the packaging and appearance of cocaine. Said informant has also given information on drug traffickers to other state and federal law enforcement agencies that has proven to be true and correct.

The trial court found that the affidavit in support of the warrant was sufficient on both the basis of knowledge and veracity prongs. The court specifically found:

> [W]hat is relevant is that the informant had been in the residence in the last ten days and seen what the informant believed to be a large quantity of cocaine. That does satisfy the one prong as to how this information was acquired, it was by personal observation.
> The next part that I think is important is that the informant has made controlled narcotic purchases in the past for the affiant and is familiar with the packaging and appearance of cocaine.

And then, also, the last part establishes the reliability that he's given information on drug traffickers to other state and federal law-enforcement agencies that have - - has proven been to be true and correct.

So, I believe that the Jacumin requirements of the Spinelli and - - all have been satisfied and that the warrant does establish probable cause.

With regard to the basis of knowledge prong, the Appellant asserts "the entire . . . prong is based upon conclusory statements unsupported by facts." Specifically, he takes issue with the statement that the informant saw what he "believed" to be cocaine, asserting that the statement lacks critical information such as how the drug was packaged or that the informant observed the Appellant selling drugs. We agree that the assertions that the Appellant sold cocaine and that Andrea Dowdy was a cocaine user are conclusory as there are no underlying facts to support this statement. However, we conclude that the basis of knowledge prong was sufficiently established by the informant's statement that he was in the Appellant's house within the last ten days and saw a large quantity of cocaine, or what he believed to be cocaine. When coupled with the statement that the informant was familiar with the packaging and appearance of cocaine, these facts are sufficient to support the informant's basis of knowledge based upon personal observation. *See State v. Annette Reynolds*, No. M2003-02991-CCA-R3-CD (Tenn. Crim. App. at Nashville, Feb. 28, 2005).

With regard to the veracity prong, the affiant must supply facts which establish the informant's inherent credibility or the reliability of the particular information. Credibility is not established by stating merely that the informant is credible or reliable, but rather by providing specific factual references to the informant's past performances as related to credibility. *Lowe*, 949 S.W.2d at 305 (citing *State v. Stephen Udzinski*, No. 01C01-9212-CC-00380 (Tenn. Crim. App. at Nashville, Nov. 18, 1993)). Data or information regarding the number of occasions when the informant's previous information has led to convictions supports the conclusion that the informant was correct and reliable. *Id*. The requisite volume of detail or information needed to establish the informant's credibility is not particularly great. *Id*.

The Appellant asserts that the statements establishing this prong are also conclusory and insufficient. Specifically, he contends that the bare statement that the informant had previously provided information on drug traffickers, which was "proven to be true and correct," lacks sufficient factual basis to conclude that the information provided was reliable or that the informant was credible. We disagree. The information given provided a sufficient basis for establishing that the informant had made previous "controlled narcotic purchases" for the affiant, was familiar with the appearance of cocaine, and had given true and accurate information regarding drug traffickers to both state and federal agents. We conclude that these facts provide indicia of the informant's credibility. Accordingly, we conclude that the affidavit was sufficient to establish probable cause.

### CONCLUSION

Based upon the foregoing, we affirm the judgment of the Montgomery County Circuit Court.

_____
DAVID G. HAYES, JUDGE