# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 10, 2005 Session

## STATE OF TENNESSEE v. JARED C. BROWN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-A-591    J. Randall Wyatt, Jr., Judge**

_____

**No. M2004-02101-CCA-R3-CD - Filed August 30, 2005**

_____

The appellant, Jared C. Brown, pled guilty in the Davidson County Criminal Court to possession of over ten pounds of marijuana with the intent to sell or deliver, and he received a sentence of two years.  As a condition of his plea, the appellant reserved a certified question of law regarding the validity of a search warrant.  Upon review of the record and the parties' briefs, we conclude that the question is not dispositive of the appellant's case and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Jared C. Brown.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Michael Rohling, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

We have gleaned the bulk of the facts in this case from the order of the trial court denying the appellant's motion to suppress:

> On November 15, 2003, Detective Ron Black received a telephone call from Special Agent Dean Henderson of the Drug Enforcement Agency's office in San Diego, California, stating that two packages containing marijuana were coming into Nashville from San Diego via UPS.  Special Agent Henderson gave Det. Black the following addresses on both packages:

[Jared Brown, 908 Weatherside Ct., Nashville, TN 37209, Package # 1z6706x70140414076; and Brandon McDaniel, 649 Huntington Parkway, Nashville, TN 37211, Package # 1zxx96320118487805.]

Det. Black confirmed the addresses with UPS security representative Laure Harris, and the packages were identified by drug sniffing canines in Lexington, Kentucky. When the Package[s] were delivered to Nashville, they were taken into the custody of the Metropolitan Nashville Police Department. At the Vice office, the trained narcotics sniffing drug canine, Rocky, detected a narcotics odor on both packages. Based on this information, Det. Black was able to obtain a search warrant for the package and the [appellant's] residence, to which the package was addressed.

The search warrant identified the place to be searched as "908 Weatherside Court, Nashville, Davidson County, Tennessee" and further described the premises as "Being 908 Weatherside Court, a two-story, single family dwelling made of red brick and having tan trim. The front door is [gray] in color and the number '908' is clearly visible on the mailbox post in front of the residence." The affidavit in support of the search warrant also identifies the place to be searched as "908 Weatherside Court, Nashville, Davidson County, Tennessee," however, it further states, "The Affiant further testifies that the said evidence is now located and may be found within or upon the premises known as 649 Huntington Parkway, Nashville, Davidson County, TN. And/or upon the p[e]rsons of others using or occupying the subject location, which is more particularly described as follows: A two-story, single family dwelling made of red brick and having tan trim. The front door is [gray] in color and the number '908' is clearly visible on the mailbox post in front of the residence."

On the afternoon of November 26, 2003, Detective Morton, acting in an undercover capacity, delivered the package to the [appellant] at 908 Weatherside Court, Nashville, TN 37209. At this time the search warrant was executed at the [appellant's] residence, and officers discovered several different bottles of liquid steroids, Oxycontin tablets, marijuana, a 20 gauge shotgun, and drug paraphernalia. As a result of the search of the [appellant's] residence, the [appellant] was charged in three General Sessions warrants with Possession with Intent to Sell Marijuana, Steroids, and Oxycontin.

The appellant filed a motion to suppress items seized as a result of the search of his residence, alleging:

> 1. The affidavit in support of the search warrant fails to establish probable cause in that there is an insufficient allegation of the basis of knowledge of the affiant, as well as the lack of a sufficient nexus between the items sought and the place to be searched.
>
> 2. The affidavit in support of the search warrant describes property to be searched other than that in the warrant.
>
> 3. The search warrant states that weapons will be found at the residence, which is unsupported by probable cause.

At the suppression hearing, the appellant focused his argument on the sufficiency of the affidavit underlying the issuance of the search warrant. The appellant contended that the affidavit listed his address as the location to be searched. However, the affidavit stated that the package containing marijuana was addressed to "Brandon McDaniel at 649 Huntington Parkway[,] Nashville, TN 37211." Thus, the appellant argued that the affidavit did not contain probable cause for searching his residence.

The trial court overruled the appellant's motion to suppress, finding that

> [a] common-sense application of the facts and circumstances surrounding the issuance of the warrant show an obvious clerical error. The Vice division of Metropolitan Nashville Police Department was alerted by the DEA's office in San Diego, to two similar packages, identified as containing illegal drugs mailed on the the same day to Nashville residences. . . . [S]earch warrants were obtained for both of the packages and the residences to which they were addressed. The error in the affidavit in support of the search warrant for the [appellant's] residence at 908 Weatherside Court included the address of 649 Huntington Parkway, contained on the other package. Furthermore, the address of 649 Huntington Parkway had the description of the residence at 908 Weatherside Court. The Court finds that the inconsistency in the supporting affidavit is a clerical error. The Court is of the opinion that this clerical error was made without prejudice to the [appellant], and that the affidavit was sufficient to establish probable cause for the warrant to search the [appellant's] residence at 908 Weatherside Court, Nashville, TN 37209.

After the trial court overruled his motion to suppress, the appellant pled guilty to count one of the indictment, possession of more than ten pounds of marijuana with the intent to sell or deliver. The plea agreement provided that the appellant would receive a two-year sentence. Additionally, as part of the plea agreement, count two of the indictment, possession of several Schedule III controlled substances, and count three, possession of oxycodone, a Schedule II controlled substance, were dismissed. Further, as a condition of his plea, the appellant reserved a certified question of law: "Whether the search warrant and affidavit sufficiently describe the location to be searched so as to establish probable cause."

## II. Analysis

Initially, we note that certified questions of law are governed by Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. Rule 37(b)(2)(i) provides that an appellant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

See also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). In the instant case, the appellant has complied with all of the foregoing requirements for reserving a certified question of law.

The appellant's certified question asked "[w]hether the search warrant and affidavit sufficiently describe the location to be searched so as to establish probable cause." With regard to this issue, our supreme court has explained that

> [t]he Fourth Amendment to the United States Constitution requires that search warrants issue only "upon probable cause, supported by

-4-

Oath or affirmation." Article I, Section 7 of the Tennessee Constitution precludes the issuance of warrants except upon "evidence of the fact committed." Therefore, under both the federal and state constitutions, no warrant is to be issued except upon probable cause. Probable cause has been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act.

State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998) (footnote and citations omitted). Moreover, in this state, "a finding of probable cause supporting issuance of a search warrant must be based upon evidence included in a written and sworn affidavit." Id. Specifically, this court has observed that "[p]robable cause to support the issuance of a warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." State v. Barbara Copeland, No. 03C01-9402-CR-00079, 1996 WL 368209, at *3 (Tenn. Crim. App. at Knoxville, June 28, 1996); see also State v. Moon, 841 S.W.2d 336, 337-38 (Tenn. Crim. App. 1992). Additionally, "[i]n order to establish probable cause, an affidavit must set forth facts from which a reasonable conclusion may be drawn that the contraband will be found in the place to be searched pursuant to the warrant." State v. Norris, 47 S.W.3d 457, 470 (Tenn. Crim. App. 2000). Furthermore, "'affidavits must be looked at and read in a commonsense and practical manner', and . . . the finding of probable cause by the issuing magistrate is entitled to great deference." State v. Bryan, 769 S.W.2d 208, 211 (Tenn. 1989) (quoting State v. Melson, 638 S.W.2d 342, 357 (Tenn. 1982)). Accordingly, we must review the affidavit to determine whether there was sufficient evidence contained therein to support the issuance of the search warrant; namely, whether the affidavit sufficiently alleges the existence of illegal activity at the appellant's residence.

The search warrant listed the appellant's correct address, 908 Weatherside Court, Nashville, Davidson County, Tennessee, as the location to be searched. The warrant further described the residence as "[b]eing 908 Weatherside Court, a two-story, single family dwelling made of red brick and having tan trim. The front door is gray in color and the number '908' is clearly visible on the mailbox post in front of the residence."

The affidavit underlying the issuance of the search warrant stated that contraband would be found at "908 Weatherside Court, Nashville, TN." In the second paragraph, the affidavit stated that contraband would be found at "649 Huntington Parkway, Nashville, Davidson County, TN," describing the premises as "[a] two-story, single family dwelling made of red brick and having tan trim. The front door is gray in color and the number '908' is clearly visible on the mailbox post in front of the residence." As his explanation of probable cause, affiant Detective Ron Black stated:

On 11-25-03 your affiant was contacted by DEA Special Agent Dean Hernderson on the matter of possible drugs being [delivered] to Nashville, TN from San Diego, CA. He stated that he had information that a package was to be [delivered] via UPS and the

-5-

package was to contain a quantity of marijuana. The package would be addressed to Brandon McDaniel at 649 Huntington Parkway[,] Nashville, TN 37211. The packages had a UPS route number of 1ZXX96320118487805. This information was confirmed through security at UPS on Whites Creek Pike[,] Nashville, TN. On 11-26-03 a [trained] certified narcotics canine, Rocky and Detective Allen Herald did a sniff around the exterior of the packages. Rocky is certified through United States Police Canine Association in the detection of: marijuana, cocaine, methamphetamine and heroin. During the sniff, canine alerted to a narcotic odor emitting from the exterior of the package with route number 1ZXX96320118487805 affixed to the side of the package.

Affiant anticipates that this package will be delivered to said location and that upon its successful delivery this warrant will be executed.

The trial court ruled that the "inconsistency" of having two different addresses mentioned in the affidavit was merely a "clerical error" which did not prejudice the appellant. We disagree. Our supreme court has explained that

[a]n affidavit in support of a search warrant must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched. The nexus between the place to be searched and the items to be seized may be established by the type of crime, the nature of the items, and the normal inferences where a criminal would hide the evidence.

State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993) (citations omitted); see also State v. Jason Miller, No. 03C01-9402-CR-00065, 1995 WL 470235, at *2 (Tenn. Crim. App. at Knoxville, Aug. 9, 1995). Further, this court has observed that "[t]he facts which connect a crime or criminal activity to the premises to be searched are critical and must be included in an affidavit for a search warrant." Miller, No. 03C01-9402-CR-00065, 1995 WL 470235, at *2. In the instant case, there is no information contained in the affidavit to tie the marijuana to the appellant's address at 908 Weatherside Court, nor did the affidavit mention the appellant's name in connection with the drugs. See State v. Evelyn C. Bostic, No. M2000-03011-CCA-R3-CD, 2002 WL 369898, at *4 (Tenn. Crim. App. at Nashville, Mar. 8, 2002). The affidavit instead provided reason to believe that contraband could be located at the address of Brandon McDaniel at 649 Huntington Parkway. This is no mere clerical error. Accordingly, any contraband seized as a result of the search warrant for the appellant's address should have been suppressed.

In the trial court, the appellant, the State, and the trial court agreed that the appellant's certified question was dispositive of the case. "This Court is not bound by the determination and

agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case." State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). "'An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand.'" State v. Oliver, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000) (quoting State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)).

As the State notes on appeal, the appellant's conviction of possession of marijuana with intent to sell or deliver was based on the marijuana seized at the UPS facility. This evidence was seized as a result of the first search warrant. The appellant did not challenge the validity of the first search warrant and never moved to suppress the marijuana seized from the search at the UPS facility. In the order denying the appellant's motion to suppress the items found during the search of the appellant's home, the trial court stated that the appellant's name and address were on the package containing the marijuana. Police discovered that the package contained marijuana prior to delivering the package to the appellant. Therefore, we conclude that this evidence would not have been excluded by the warrant authorizing a search of the appellant's residence. In other words, the State had proof of the marijuana offense prior to the search of the appellant's home. Thus, the appellant's question is not dispositive of his case. See State v. Michael Kennedy, No. W2001-03107-CCA-R3-CD, 2003 WL 402798, at **3-4 (Tenn. Crim. App. at Jackson, Feb. 21, 2003). The only items found as a result of the contested search warrant were the controlled substances for which the appellant was charged in counts two and three of the indictment. See State v. Randall Lunsford, No. 01C01-9603-CC-00098, 1997 WL 381910, at *4 (Tenn. Crim. App. at Nashville, July 11, 1997). "If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." Preston, 759 S.W.2d at 651. Accordingly, we conclude the appellant is not entitled to relief.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE